JUDGE KEENAN

Victor A. Dunlop (VAD-8571)
THE BENTIL FIRM, PC
10 DRAKE LANE
WHITE PLAINS, NEW YORK 10607
(914) 909-6611 Telephone
(914) 345-9899 Facsimile

# 11 CIV 5336

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUL 2 6 2011
U.S.D.C. S.D. N.Y.
CASHIERS

---

DONE DEAL ENTERPRISES, LLC,

　　　　Plaintiff,

　　　　v.

DWAYNE CARTER, UNIVERSAL MUSIC GROUP,
CASH MONEY RECORDS, INC, and
YOUNG MONEY ENTERTAINMENT, LLC,

　　　　Defendants.

---

**COMPLAINT FOR
COPYRIGHT INFRINGEMENT**

**(Jury Trial Demanded)**

_____ CV _____

---

Plaintiff, Done Deal Enterprises, LLC (hereinafter "Plaintiff"), by and through its attorneys,

THE BENTIL GROUP, PC for its Complaint against Defendants Dwayne Carter, Universal Music

Group, Cash Money Records, Inc. and Young Money Entertainment, LLC (collectively

"Defendants") alleges as follows:

### NATURE AND SUBSTANCE OF ACTION

1.　　Plaintiff files this action against Defendants for direct, contributory and vicarious

　　　Copyright Infringement under 17 U.S.C. §§ 101, et seq., (the "Copyright Act").

2.　　This action is brought in response to a classic case of copyright infringement resulting

　　　from Defendants' unlawful copying and use of Plaintiff's original and copyrighted

　　　musical composition entitled BedRock (the "Original Composition"). Title 17 of the

United States Code (Copyright Act) was enacted to provide remedies to copyright owners that are victims of such actions.

3. This is an action for copyright infringement arising under the Copyright Act of 1976, wherein Plaintiff seeks judgment as follows: (a) declaring that Defendants willfully copied and used Plaintiff's Original Composition without permission or consent in violation of the Copyright Act; and (b) awarding Plaintiff legal and equitable relief, as specified below, to remedy Defendants' willful and continuing violation of Plaintiff's copyrights in and to the Original Composition.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action and the claims hereunder pursuant to 28 U.S.C. §1331 (federal question), 1338(a) and 1338(b), its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, and under Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this district under 28 U.S.C. §1391(b) and §1400(a) in that Defendants and/or Defendants' agents may be found in this district and Defendants transact business in this district.

6. This Court has personal jurisdiction over all Defendants because Defendants (a) solicit, transact and conduct business in the State of New York and within the Southern District and are regularly doing business or engaging in a persistent course of conduct in the State of New York and within the Southern District; (b) receive substantial revenue from sales and downloads of musical recordings that infringe Plaintiff's Original Composition in the State of New York and within the Southern District and the infringing conduct occurs in the State of New York and within the Southern District; (c)

expect or reasonably should expect their conduct to have consequences in the State of New York and within the Southern District; (d) directly or indirectly infringe Plaintiff's copyrights in Plaintiffs' Original Composition in the State of New York and within the Southern District of New York.

## PARTIES

7.  Plaintiff Done Deal Enterprises, LLC ("Done Deal"), is a Georgia limited liability company and at all times mentioned in this complaint has and continues to maintain a principle place of business in the State of Georgia, Richmond County.

8.  Upon information and belief, Defendant Dwayne Carter ("Carter"), is a well-known recording artist in the genre of hip-hop music, with his primary place of business located in St. Rose, Louisiana.  Carter regularly conducts business in the State of New York and within the Southern District by selling musical recordings and music videos and is violating Plaintiff's copyrights in the Original Composition by performing, claiming ownership in, and sharing income derived from the exploitation of the musical composition *BedRock* (the "Infringing Composition"), which was released as a single by defendant Young Money Entertainment, LLC and appears as a single on defendant Young Money Entertainment LLC's debut collaboration album *We Are Young Money.*

9.  Upon information and belief, Defendant Universal Music Group, Inc. ("UMG"), is now and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 2200 Colorado Avenue, Santa Monica, California 90404 and has a registered agent in New York at 111 Eighth Avenue, New York, New York 10011.

10.   Upon information and belief. Universal is engaged in the business of manufacturing and distributing sound recordings. Universal is violating Plaintiff's copyright in the Original Composition by sharing income derived from the exploitation of the Infringing Composition.

11.   Upon information and belief. Defendant Cash Money Records. Inc. ("Cash Money"). is now and at all times mentioned in this complaint was. a corporation organized and existing under the laws of the State of Louisiana and conducts business in the State and County of New York and within the Southern District.

12.   Upon information and belief. Cash Money is engaged in the business of manufacturing and distributing sound recordings and is violating Plaintiff's copyright in the Original Composition by sharing income derived from the exploitation of the Infringing Composition.

13.   Upon information and belief. Defendant Young Money Entertainment. LLC ("Young Money"). is now and at all times mentioned in this complaint was. a limited liability company organized and existing under the laws of the State of Louisiana and conducts business in the State and County of New York and within the Southern District.

14.   Upon information and belief. Young Money is engaged in the business of producing musical compositions for recording artists such as Carter signed to the Young Money Entertainment. LLC brand.

15.   That upon information and belief and at all times hereinafter mentioned. Defendants conduct business in the State of New York and did conduct business in the State of New York and within the Southern District at, and prior to. the time of the initial infringement as well as. the ongoing infringement of the Original Composition.

## FACTS COMMON TO ALL CLAIMS

16. Done Deal is a production company that employs artists and producers to compose musical compositions such as the Original Composition. The respective principals of Done Deal are Rufus Van, Brian Frantom and William Keith.

17. Done Deal is the owner of Copyright Registration Number SR 676-607, which was issued on June 28, 2011, for the copyrights in and to the Original Composition, a copy of which is annexed hereto as Exhibit A. The Copyright Registration identifies Done Deal as the exclusive owner of the copyright in and to the sound recording that is the Original Composition. Done Deal's copyright registration for BedRock is valid and subsisting.

18. BedRock was first published on or about April 27, 2009 [(See Exhibit A)].

19. Done Deal currently and has at all relevant times herein, been the sole owner of all right, title and interest in and to the Copyright Registration, including extensions and renewals thereof and the sound recording that comprises the Original Composition.

20. Upon information and belief, in or about June 2008, William Keith created the Original Composition in an Atlanta, Georgia studio, where he was present with an engineer, Carl Shackelford, who, upon information and belief, has produced and continues to produce musical compositions for Cash Money and Young Money.

21. Upon information and belief, at the completion of the Original Composition, William Keith handed a copy of the master to Carl Shackelford, who later handed the copy to a contact at Cash Money.

22. Upon information and belief, in or about July 2008, Brian Frantom, a principal of Plaintiff, handed a copy of the Original Composition to Shannon "Fat Shan" Houchins, a then employee of Universal Music Group as staff producer for So So Def Records.

23. Upon information and belief, Shannon "Fat Shan" Houchins gave a copy of the Original Composition to Nigil Mack, an A&R Manager at Universal Motown.

24. Upon information and belief, Nigil Mack gave a copy of the Original Composition to representatives, agents and/or employees of Cash Money, who then used the copy to create the Infringing Composition.

25. In or about July 2009, Plaintiff digitally released BedRock as a single for distribution via TuneCore under the artist known as Blue Marley, evidence of which is annexed hereto as Exhibit B.

26. Upon information and belief, Defendants created the Infringing Composition in or about September 2009.

27. Upon information and belief, in or about November 2009, Defendants released the Infringing Composition in the United States as the second single from their debut collaboration album *We Are Young Money* and released it in or about March 2010 as a compact disc.

28. Upon information and belief, as of March 30, 2011, as a single, the Infringing Composition sold over three million (3,000,000) copies (Certified 3X Platinum), according to the Recording Industry Association of America ("RIAA"), evidence of which is annexed hereto as Exhibit C.

29. Upon information and belief, as of May 24, 2010, the Infringing Composition contained on the *We Are Young Money* album sold at least five hundred thousand (500,000) copies (Certified Gold), according to RIAA, evidence of which is annexed hereto as Exhibit D.

30. Upon information and belief, the *We Are Young Money* album certified Gold based primarily on the inclusion and commercial success of the Infringing Composition and its tremendous success.

31. Upon information and belief, the Infringing Composition peaked at number 2 on the U.S. Billboard Hot 100 list, number 2 on the U.S. Billboard Hot R&B/Hip-Hop Songs list, number 1 on the U.S. Billboard Rap Songs list and number 6 on the U.S. Billboard Top 40 Pop Songs list. Upon further information and belief, the Infringing Composition peaked at number 9 on the United Kingdom Singles chart and number 5 on the United Kingdom R&B Chart.

32. Constituent elements and critical portions of the Infringing Composition are substantially similar or strikingly similar to constituent elements and similar portions of the Original Composition.

33. Without Plaintiff's consent, authorization or permission, Defendants continue to advertise, promote, sell, publicly perform and cause the advertisement, promotion, sale and public performance of musical compositions and Internet downloads containing the Infringing Composition and *We Are Young Money*, which, also contains the Infringing Composition, all of which constitutes the ongoing infringement of Plaintiff's valuable copyright in and to the Original Composition.

34.   The natural, probable and foreseeable result of Defendants' wrongful, willful and egregious conduct has and will continue to deprive Plaintiff of the benefits and revenue associated with Plaintiff's single BedRock.

35.   Plaintiff has lost and will continue to lose substantial revenue and sustain damages as a result of Defendants' wrongful advertising, marketing, promotion, distribution, sale, and public performance of the Infringing Composition.

36.   Unless enjoined by this Court, Defendants will continue their course of conduct and wrongfully, willfully and knowingly infringe upon, sell, and perform and otherwise continue to profit from the Infringing Composition, and a direct and proximate result of such conduct, Plaintiff will continue to suffer irreparable damage and will continue to sustain lost profits.

37.   Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused by their egregious, willful and intentional conduct and therefore, Plaintiff has and will continue to suffer irreparable damage and sustain lost profits unless Defendants' conduct are permanently enjoined by this Court.

### AS AND FOR A FIRSTS CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501, et. seq.

38.   Plaintiff reaffirms, realleges, repeats and incorporates by reference each and every allegation of this Complaint as set forth in Paragraphs 1 through 37 of the Complaint as fully set forth herein.

39.   Upon information and belief, Defendants have, by the actions alleged above, willfully and with knowledge infringed and will continue to willfully infringe Plaintiff's valuable copyright in and to the Original Composition by continuing to advertise, promote, offer

for sale, sell, and publicly perform the Infringing Composition, which contains probative and substantial similarities to the Original Composition, in commerce through several retail outlets and over the Internet.

40. Defendants, individually and jointly, possess the right and ability to supervise the infringing conduct complained of herein.

41. Defendants, individually and jointly, have an obvious and direct financial interest in the exploitation of the Infringing Composition.

42. In creating, advertising, promoting, distributing, selling, and publicly performing the Infringing Composition, Defendants knowingly, willfully and unlawfully copied the Original Composition, and Defendants knew that their unlawful copying and unlawful use of the Original Composition is willful copyright infringement.

43. As a direct and proximate result of Defendants' foregoing acts, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

44. Plaintiff is entitled to recover damages it sustained and will continue to sustain, and a share of Defendants' profits, gains and advantages as a result of the acts of willful infringement as alleged above. At the present, the amount of such damages, profits, gains, and advantages cannot be fully ascertained by Plaintiff.

45. Plaintiff has no adequate remedy at law.

**AS AND FOR A SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION IN VIOLATION OF**
**THE LANHAM ACT (15 U.S.C §1125 et seq.)**

46. Plaintiff reaffirms, realleges, repeats and incorporates by reference each and every allegation of this Complaint as set forth in Paragraphs 1 through 45 of the Complaint as fully set forth herein.

47.   Defendants are falsely, willfully, knowingly, and intentionally misrepresenting and falsely designating to the general public, the origin of the Infringing Composition, so as to create a likelihood of confusion by the public as to the source and sponsorship of the Infringing Composition.

48.   By reason of Defendants' actions, Plaintiff has been seriously and irreparably damaged, including monetary damages and unless Defendants are restrained, Plaintiff will continue to be so damaged.

49.   Plaintiff is entitled to and therefore, requests a permanent injunction restraining Defendants and their respective officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of 15 U.S.C. §1125.

50.   Plaintiff is further entitled to recover from Defendants, damages it sustained and will continue to sustain, trebled pursuant to 15 U.S.C. §1117(a), and any gains, profits and direct or indirect advantages obtained by Defendants as a result of the acts of violation of 15 U.S.C. §1125. At the present, the amount of such damages, profits, gains, and advantages cannot be fully ascertained by Plaintiff.

51.   Plaintiff has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
## ACCOUNTING

52.   Plaintiff reaffirms, realleges, repeats and incorporates by reference each and every allegation of this Complaint as set forth in Paragraphs 1 through 51 of the Complaint as fully set forth herein.

53.     Plaintiff is entitled, pursuant to 17 U.S.C. §504 and 15 U.S.C. §1117, to recover a percentage of profits earned by Defendants that are attributable to their acts of willful infringement.

54.     Plaintiff is entitled, pursuant to 17 U.S.C. §504 and 15 U.S.C. §1117, to actual damages sustained by virtue of Defendants' acts of willful infringement.

55.     The specific amount of damages due to Plaintiff is unknown and cannot be ascertained without a detailed accounting of the precise number of units of the Infringing Composition offered for sale and actually sold and distributed by Defendants.

56.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against all Defendants in the following:

1.     On the First Cause of Action:

(a)     That Defendants have willfully infringed Plaintiff's copyrights in and to the Infringing Copies, in violation of 17 U.S.C. §501;

(b)     That Defendants, their agents and servants, be enjoined during the pendency of this action and permanently enjoined from infringing, or contributing to the infringement of, Plaintiff's copyrights in any manner, and from copying, selling, marketing, distributing, publicly performing or otherwise exploiting the Infringing Composition, and that Defendants be required to deliver up to Plaintiff all copies and other materials used in making any more copies of the Infringing Composition;

(c)     That Defendants be required to pay Plaintiff pursuant to 17 U.S.C. §504 et seq;

(i)      Such damages as Plaintiff has sustained in consequence of Defendants' willful infringement of Plaintiff's copyrights in and to the Original Composition, including but not limited to the value of Plaintiff's copyrights, and all other damages sustained by Plaintiff, and to account for and pay to Plaintiff all gains, profits and advantages derived by Defendants by reason of their wanton and willful infringements, in an amount of at least $10,000,000;

2.      On the Second Cause of Action:

(a)      The Defendants, their agents and servants, be enjoined during the pendency of this action and permanently after the action is disposed, from their continued violation of the Lanham Act;

(b)      That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' violations of the Lanham Act, those damages to be trebled, and to account for and pay to Plaintiff all gains, direct and indirect profits and advantages derived by reason of their wrongful conduct, in the amount of at least $5,000,000;

3.      On the Third Cause of Action pursuant to 17 U.S.C. §504 and 15 U.S.C. § 1117:

(a)      That an order be entered against Defendants in favor of Plaintiff to recover any and all of Defendants' profits that are attributable to their act of willful infringement;

(b)      That an order be entered against Defendants in favor of Plaintiff to actual damages sustained by virtue of Defendants' acts of willful infringement;

4.      That the costs of this Action be awarded to Plaintiff;

5.      That this is an exceptional case and that Plaintiffs be awarded their reasonable attorney fees; and

6.      That this Court grant such other and further relief as it shall deem just.

Respectfully submitted,
THE BENJILFIRM, PC

Victor A. Dunlop (VAD-8571)

DATED:     Brooklyn, New York
           June 24, 2011

Attorneys for Plaintiff
Done Deal Enterprises, LLC
Office & P.O. Address
10 DRAKE LANE
WHITE PLAINS, NEW YORK 10607
(914) 909-6611 Telephone
(914) 345-9899 Facsimile

*Exhibit A*



Help | Search | History | Titles | Start Over

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Done Deal
Search Results: Displaying 21 of 22 entries

previous | next

Labeled View

*Bedrock.*

|  |  |
|---|---|
| **Type of Work:** | Sound Recording |
| **Registration Number / Date:** | SR0000676607 / 2011-06-28 |
| **Application Title:** | Bedrock. |
| **Title:** | Bedrock. |
| **Standard Number:** | USMGB0900007 |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Done Deal Enterprises LLC. Transfer: By written agreement. Address: 3330 Quaker Springs Rd, Augusta, GA, 30907, United States. |
|  | Rufus Van, Transfer: By written agreement. Address: 4522 Ridge Run Dr, Hephzibah, GA, 30815, United States. |
|  | Brian Travis Frantom, Transfer: By written agreement. Address: 521 Oakbrook Dr, Martinez, GA, 30907. |
| **Date of Creation:** | 2009 |
| **Date of Publication:** | 2009-04-27 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Henry Keith; Domicile: United States; Citizenship: United States. Authorship: sound recording. |
| **Rights and Permissions:** | Brian Travis Frantom, 521 Oakbrook Dr, Martinez, GA, 30907, (706) 755-8865, frantomdde@gmail.com |
| **Names:** | Keith, Henry |
|  | Van, Rufus |
|  | Frantom, Brian Travis |
|  | Done Deal Enterprises LLC |



previous | next

**Save, Print and Email** (Help Page)

| Select Download Format | Full Record | : | Format for Print/Save |
|---|---|---|---|
| Enter your email address: | | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about
Copyright | Copyright Office Home Page | Library of Congress Home Page

*Exhibit B*

mail 1280×800 pixels





**Bedrock - Single**
by Blue Marley(feat.J.C.)Block Ent.

| | |
|---|---|
| Release Date: | 16-Jul-2009 |
| Label: | Done Deal Enterprises LLC |
| ISRC#: | USMGB0900007 |
| UPC: | 859702102525 |
| Primary Genre: | Hip Hop/Rap |
| Liner Notes: | You currently have no liner notes for your album |

**Single Checklist**

✓ Single Information
✓ My Stores
✓ On Demand Template
✓ My Artwork
✓ Upload Song

My Stores





Before you upload, please make sure that your files are 16 bit (sample size), 44.1 kHz (sample rate) and 1411 kbps (bit rate) wav files.

**Distribute Your Single**

Your music should be live in iTunes within 24-72 hours.

Single Distribution – $9.99

Distribute My Single

1   Bedrock

*Exhibit C*



| | YOUNG MONEY | BEDROCK | DECEMBER 05, 2009 | MARCH 26, 2010 | UNIVERSAL MOTOWN | PLATINUM | SINGLE | SOLO |

First [ 1 ] Last (1)



Recording Industry in Numbers 2011
Now available here

RIAA Gold & Platinum Database

LEARN MORE   LOG IN

    

©2011 RIAA | Privacy Policy and Terms of Use

*Exhibit D*



REPRESENTING MUSIC

| ABOUT | RESEARCH | RESOURCES | NEWS | PIRACY | GOLD & PLATINUM |

| SEARCHABLE DATABASE | GOLD & PLATINUM NEWS | THE AWARDS | TOP TALLIES |

# SEARCHABLE DATABASE

Search [We are Young Money]    SEARCH    Advanced [+]

YOUNG MONEY    UNIVERSAL MOTOWN    GOLD    ALBUM

Standard

▸ Release Date Range
▸ Certification Date Range
▸ Artist Name
▾ Album Name

    We Are Young Money

▸ Single Name
▸ Label
▸ Format
▸ Category
▸ Type
▸ Award

First | 1 | Last (1)

| Purchase | Artist | Title | Release Date | Certification Date ▼ | Label | Award Description | Format | Category |
|---|---|---|---|---|---|---|---|---|
|  MORE | YOUNG MONEY | WE ARE YOUNG MONEY | DECEMBER 21, 2009 | MAY 24, 2010 | UNIVERSAL MOTOWN | GOLD | ALBUM | SOLO |

First | 1 | Last (1)

Recording Industry of Numbers 50?
Now available here    LEARN MORE    LOG IN

    

©2011 RIAA | Privacy Policy and Terms of Use